# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT BARBER, | CASE NO. 1:11-cv-00130-GBC (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| C. KING, | (Doc. 1) |
| Defendant. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

/

## I. Procedural History

Scott Barber ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis, in this civil rights action pursuant to 42 U.S.C. § 1983. On January 25, 2011, Plaintiff filed the complaint which is presently before this Court. Doc. 1.

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In determining whether to dismiss an action, the Court must accept as true the allegations of the complaint in question, and construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

### III. Plaintiff's Complaint

Plaintiff is currently a state prisoner at the California Correctional Institution (CCI) in Tehachapi, California. The events central to Plaintiff's complaint occurred while he was a prisoner at CCI. Doc. 1. In the complaint, Plaintiff names C. King (Correctional Officer) as a defendant in this action and seeks monetary relief. Doc. 1 at 2-3.

Plaintiff alleges that Defendant King woke Plaintiff and told him to get out of bed because she thought Plaintiff was acting strange. Doc. 1 at 3. Plaintiff got off his bunk and was ordered to turn and look the other way. Doc. 1 at 3. Plaintiff turned and asked Defendant King "what did I do?" and she pepper sprayed him. Doc. 1 at 3. According to Plaintiff, he did not lunge towards Defendant King and never had a problem with Defendant King or any other officer. Doc. 1 at 3. Plaintiff attaches the Rules Violation Report (RVR) to his complaint, indicating that he was found guilty of assault on an officer and in which he states that he wants his ninety days of good time credits restored. Doc. 1 at 4-6.[1]

///

///

---

[1] The Court may review exhibits attached to the complaint that may contradict Plaintiff's assertions in the complaint. *Tyler v. Cuomo*, 236 F.3d 1124, 1131 (9th Cir. 2000); *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

IV.     **Applicable Law and Analysis**

   A.     **Eighth Amendment Excessive Force**

The Eighth Amendment prohibits prison officials from using "excessive physical force against inmates." *Farmer v. Brennan*, 511 U.S. 825 (1994); *Hoptowit v. Ray*, 682 F.2d 1237, 1246, 1250 (9th Cir.1982). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Farmer*, 511 U.S. at 834, (*quoting Rhodes*, 452 U.S. at 347).

Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer *de minimis* injuries. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (Eighth Amendment excludes from constitutional recognition *de minimis* uses of force). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether significant injury is evident. *Hudson*, 503 U.S. at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir.2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). "Injury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178-79 (2010). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9.

   B.     ***Heck v. Humphrey* & *Smithart v. Towery***

In *Edwards v. Balisok*, 520 U.S. 641, the United States Supreme Court extended the doctrine articulated in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), to prison disciplinary hearings. In *Heck*, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the

3

conviction or sentence has previously been invalidated. *Heck*, 512 U.S. at 487. In applying this principle to the facts of *Edwards v. Balisok*, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing. *Edwards v. Balisok*, 520 U.S. at 648. "*Heck*, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir.1996).

Plaintiff submitted evidence of the rules violation and disciplinary decision demonstrating that the: 1) guilty disciplinary finding; 2) loss of 90 days good time credits; and 3) Plaintiff's excessive force claim arose from the same incident. Doc. 1 at 4-6. A finding in Plaintiff's favor in this action would necessarily imply the invalidity of the result of the disciplinary hearing finding Plaintiff guilty of assault on an officer. Thus, the Court finds that Plaintiff fails to state a claim as his claim is barred unless Plaintiff can demonstrate that the underlying disciplinary hearing was overturned. *See Edwards v. Balisok*, 520 U.S. at 648; *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir.1996); *see also Walker v. Fresno Police Dept.*, 249 Fed.Appx. 525, 526 (9th Cir. 2007) (unpublished); *Ra El v. Crain*, 399 Fed.Appx. 180, 182 (9th Cir. 2010) (unpublished).

### V.     Conclusions and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009). Although accepted as true, the "[f]actual allegations

must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. An amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed January 25, 2011, is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   September 18, 2012

UNITED STATES MAGISTRATE JUDGE